IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS RAYMOND AYERS,** | : CIVIL ACTION NO. 1:22-CV-969 |
| **Petitioner** | : (Judge Conner) |
| v. | : |
| **WYOMING COUNTY**, *et al.*, | : |
| **Respondents** | : |

## MEMORANDUM

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2241. Petitioner, Thomas Raymond Ayers, is incarcerated in the Wayne County Correctional Facility awaiting trial in the Wyoming County Court of Common Pleas. Ayers seeks habeas corpus relief based upon an alleged violation of his right to a speedy trial. We will summarily dismiss the petition because Ayers has not shown the existence of circumstances that would warrant pre-conviction habeas corpus relief.

## I.     Factual Background & Procedural History

Ayers is currently facing criminal charges in the Wyoming County Court of Common Pleas. (See Doc. 1 at 1). He alleges that the court has violated his right to a speedy trial because, at the time he filed his petition, he had been incarcerated for 209 days without a preliminary hearing. (Id. at 5). Ayers indicates that he filed speedy trial motions over two months prior to his petition but has not received a ruling of any kind. (Id.) In addition to his petition for writ of habeas corpus, Ayers has filed a motion for release from prison. (Doc. 4).

## II. <u>**Legal Standard**</u>

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III. <u>**Discussion**</u>

Ayers is plainly not entitled to habeas corpus relief. Petitioners seeking habeas corpus relief prior to final conviction and sentence in state court may only obtain such relief if (a) they make "a special showing of the need" for habeas corpus relief and have exhausted state court remedies or (b) "extraordinary circumstances" justify habeas corpus relief. <u>Moore v. DeYoung</u>, 515 F.2d 437, 443 (3d Cir. 1975) (citing <u>Braden v. 30th Judicial Cir. Ct. of Kentucky</u>, 410 U.S. 484 (1973)).

Ayers has not exhausted state court remedies. He acknowledges that he has not raised his speedy trial claim before the appellate courts of Pennsylvania. (<u>See</u> Doc. 1 at 5). Petitioners seeking pre-conviction habeas corpus relief in federal court must give state appellate courts an opportunity to rule on their claims to exhaust state court remedies. <u>See</u> <u>Braden</u>, 410 U.S. at 490; <u>Moore</u>, 515 F.2d at 444-45. Ayers has also not made any arguments as to why there is a special need for habeas corpus relief or extraordinary circumstances that would justify such relief. Hence, Ayers has not established the necessary circumstances for this court to issue a writ of habeas corpus prior to the conclusion of his state court criminal proceeding, and

2

we will dismiss the petition on that basis.  We will similarly deny his motion for release from prison as moot.

**IV.** **Conclusion**

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice and deny the motion for release from prison as moot.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    June 28, 2022